[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14070
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cv-01103-IPJ

JAYNE GRAHAM,
individually, and,
RICKEY LEE GRAHAM,
individually,

Plaintiffs - Appellants,

PLAINTIFFS' LIAISON COUNSEL, et al.,

Plaintiffs,

versus

PFIZER, INC.,
DEFENDANT'S LIAISON COUNSEL,
DEFENDANT'S LEAD COUNSEL,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(August 27, 2014)

Before ED CARNES, Chief Judge, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

We will not recite the facts and the entire procedural history, which are well known to the parties and the district court. Under review is the district court's order of June 10, 2013, dismissing as moot the plaintiffs' motion for substitution of counsel "[b]ecause this case was fully settled." In the same order, the court dismissed the case without prejudice although it retained jurisdiction to enforce the parties' settlement agreement. In a July 17, 2013 order, the court denied relief from the judgment it had entered in the June 10, 2013 order.

The court was mistaken about the motion to substitute counsel being moot. The settlement agreement itself provides that it may be amended "by a written instrument signed by the authorized representatives of each Party," and there is no deadline provided for amending it. The plaintiffs' motion for substitution of counsel states that plaintiffs are seeking to amend the settlement agreement and that defendant Pfizer does not oppose the amendment they seek.

The plaintiffs assert that they need new counsel because their original counsel refuses to represent them in seeking the amendment. Her emails, which are attached to the plaintiffs' reply in support of their motion for substitution, indicate that she no longer represents the plaintiffs. The motion establishes that the

2

plaintiffs have attorneys who are willing to serve as their counsel in this matter. For all of these reasons, the motion for substitution of counsel is not moot.

As to the order of June 10, 2013, we REVERSE the district court's denial as moot of the motion to substitute counsel and its dismissal of the case; we leave intact its denial of the motion for sanctions. We VACATE as moot the court's July 17, 2013 order denying the plaintiffs' motion for relief from judgment. We leave all further questions to the court on remand.